## Commonwealth v. Dunn

*Douglas Gent, Assistant District Attorney,* for Commonwealth.

*Daniel W. Shoemaker,* for defendants.

ERB, *J.,* November 26, 1980—In this case, the court on October 3, 1980 entered an order granting to Todd Alan Pritts immunity under the Judicial Code, 42 Pa.C.S.A. § 5947. On October 14, 1980 the court stayed that order in order to consider whether or not the immunity granted would need to be clarified. We have had oral argument and accepted

briefs on the questions both on the need to clarify the order and on the constitutionality of the section of the statute under which the immunity was granted.

This section provides that immunity orders shall be available in all proceedings before courts, including district justices.

The relevant portions of section 5947 provide:

"(c) Request and issuance—The Attorney General or a district attorney may request an immunity order from any judge of a designated court, and that judge shall issue such an order, when in the judgment of the Attorney General or district attorney:

"(1) the testimony or other information from a witness may be necessary to the public interest; and

"(2) a witness has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.

"(d) Order to testify—Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding specified in subsection (b), and the person presiding at such proceeding communicates to the witness an immunity order, that witness may not refuse to testify based on his privilege against self-incrimination.

"(e) Limitation on use—No testimony or other information compelled under an immunity order, or any information directly or indirectly derived from such testimony or other information, may be used against a witness in any criminal case, except that such information may be used:

"(1) in a prosecution under 18 Pa.C.S.A. §4902 (relating to perjury) or under 18 Pa.C.S.A. §4903 (relating to false swearing);

"(2) in a contempt proceeding for failure to comply with an immunity order; or

"(3) as evidence, where otherwise admissible, in any proceeding where the witness is not a criminal defendant."

The clear reading of the language of the act, therefore, would allow defendant to testify in response to any questions put to him by the district attorney with the grant of the immunity, which would prevent the Commonwealth from using the testimony or information directly or indirectly derived from such testimony, or other information, from being used against the witness in any criminal case.

This type of immunity, which grants "a use and derivative use" immunity to a witness who testifies under such a grant has been held consistent with the status of protection afforded by the Fifth Amendment to the Constitution of the United States.

The Supreme Court, in Kastigar v. U.S., 406 U.S. 441, 92 S.Ct. 1653 (1972), held that a statute which provided for the explicit proscription of the use in any criminal case of testimony or other information compelled under an order of court was consonant with Fifth Amendment standards. The Pennsylvania Supreme Court, in In Re Falone, 464 Pa. 42, 48, 346 A. 2d 9 (1975), adopted the reasoning of the U.S. Supreme Court in Kastigar, supra, in holding that: "A grant of immunity is sufficient to supplant the privilege if the witness is protected against use of the compelled testimony and all its fruits." The act in question affords this protection and, therefore, we do not find that it is unconstitutional as violative of defendant's Fifth Amendment rights.

The Commonwealth has, in its brief, requested

an amendment to the original order which we will grant since it does clarify the subject of the testimony which the Commonwealth is requesting of defendant.

Accordingly, we enter the following

## ORDER

And now, November 26, 1980, our order of October 14, 1980 staying our original order of October 3, 1980 is terminated and the stay revoked is lifted.

Our order of October 3, 1980 is amended totally, as follows, to wit:

Todd Alan Pritts is hereby granted use and derivative use immunity under 42 Pa.C.S.A. §5947 with regard to any testimony given in response to questions, with respect to charges arising from alleged incidents occurring on or about June 30 and July 1, 1980 at the Red Lion Waste Company, asked at any criminal proceeding by the District Attorney or attorney of his staff.